1 | D. STEVE CAMERON, ESQ. (State Bar No. 060731)
scameron@ldslaw.com
2 | 9430 West Olympic Boulevard, Suite 400
Beverly Hills, California 90212-4519
3 | Tel: (310) 551-1987 · Fax: (310) 277-8050

**FILED**

4 | Attorneys for Applicants,
MENDLOWITZ & ASSOCIATES INC., and

OCT **3 0** 2009

5 | KOREA DATA SYSTEMS (USA), INC.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
6 | BY _____
DEPUTY CLERK

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | In re Application of:                          )   CASE NO. 2:09-mc-0096 FCD DAD
                                                )
12 | MENDLOWITZ & ASSOCIATES INC.,                 )   **ORDER DIRECTING**
in its capacity as trustee in bankruptcy       )   **TESTIMONY PRODUCING**
13 | Jay Tien Chiang                               )   **DOCUMENTS**
KOREA DATA SYSTEMS (USA), INC.,                )
14 | a California corporation                       )
                                                )
15 | _____       )

16

17 |     Having reviewed the application of Mendlowitz & Associates Inc., and Korea

18 | Data Systems (USA), Inc., pursuant to 28 U.S.C. §1782 for an order directing

19 | E*Trade Securities, LLC, a Delaware Limited Liability Company (hereinafter

20 | E*Trade Securities, LLC); and E*Trade Clearing, LLC, a Delaware Limited Liability

21 | Company (hereinafter E*Trade Clearing, LLC) to give testimony and produce

22 | documents for use in a proceeding before a foreign tribunal, and good cause

23 | appearing therefore,

24 |     IT IS HEREBY ORDERED THAT:

25 |     1.    The application of Mendlowitz & Associates Inc., and Korea Data

26 | Systems (USA), Inc., is hereby granted.

27 |     2.    The Applicants shall serve forthwith the attached subpoenas in a civil

28 | case, one addressed to E*Trade Clearing LLC, a Delaware Limited Liability

1

1  Company and one addressed to E*Trade Securities LLC, a Delaware Limited

2  Liability Company.  They can be served on counsel for E*Trade entity if counsel

3  agrees to accept service.

4      3.    Counsel for Applicants will meet and confer with counsel for E*Trade

5  to attempt to agree upon a mutually convenient date and place for the examinations.

6  If the parties cannot agree upon a date, counsel for the applicants will select a date

7  and place, and serve the subpoenas.

8      4.    The parties may agree upon one examination, i.e., the two E*Trade

9  entities can designate the same individual to testify and produce documents on behalf

10  of both E*Trade entities.

11      5.    This examination will be conducted in accordance with the law of

12  evidence and the Rules of Civil Procedure of Ontario and the Commission issued by

13  the Ontario court.

14      IT IS SO ORDERED:

15  DATED: October 29, 2009.

16

17

18                  DALE A. DROZD
                UNITED STATES MAGISTRATE JUDGE

19

20  Ddad1/orders.civil/mendlowitz0096.ord

21

22

23

24

25

26

27

28

2

ORDER DIRECTING TESTIMONY PRODUCING DOCUMENTS

**EXHIBIT "1" to ORDER**

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In re Application of
MENDLOWITZ & ASSOCIATES INC., and )
KOREA DATA SYSTEMS (USA), INC       )
                                    )
            v.                      )        Civil Action No.
                                    )
                                    )        (If the action is pending in another district, state where:
                                    )                                                                )

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  E*Trade Securities LLC - 2730 Gateway Oaks Drive., Suite 100
     Sacramento, California 95833

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHED EXHIBIT "A"

| Place: | Date and Time: |
|--------|----------------|
|        |                |

The deposition will be recorded by this method:   Certified Court Reporter/Video Tape and Video Conference

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
SEE ATTACHED EXHIBIT "B".

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                    *CLERK OF COURT*

                                            OR

_____          _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     Mendlowitz & Assoc., Inc.
and Korea Data Systems (USA), Inc._____ , who issues or requests this subpoena, are:
D. Steve Cameron, Esq.
9430 W. Olympic Blvd., Suite 400 Beverly Hills, CA 90212
Email: scameron@tdslaw.com; Phone: (310) 551-1987

3

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

4

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

A representative most knowledgeable of (i) the identity of the documents produced, the method of preparation of the documents produced, that the documents were made in the usual and ordinary course of business at or within a reasonable time after the time of the act, transaction, occurrence or event referenced therein and that the method and time or preparation indicates the trustworthiness of the documents, (ii) the electronic or other records of online access to Winner's accounts, including how those records are maintained and prepared, and (iii) the issues in this proceeding (collectively the "E*Trade representative(s)")

**EXHIBIT "A"**

The following documents and things that mention or are related to Winner International Group Limited ("Winner"):

1.   All account applications for the time period from January 1, 2003 to the present;

2.   All account statements for the time period from January 1, 2005 to the present;

3.   All account agreements, signature cards, authority to act, and any other documents that in any way reflect, refer, relate to or control any accounts held by Winner for the time period January 1, 2003 to the present;

4.   Any and all documents not produced in response to category (3) above that in any way relate to authority to control any Winner accounts by making trades, requesting withdrawals, or performing any other transaction on the accounts;

5.   Any and all documents not produced in response to category (3) above that in any way relates to authority to access and control any Winner accounts, including authority to change any and all passwords required to access and control any Winner accounts;

6.   Any and all documents that reflect, refer or relate to the source of money, if any, deposited into any Winner accounts;

7.   To the extent not produced in response to category (6) above, a copy of all wire transfer instructions received by ETrade for any Winner account;

8.   Any and all documents that reflect, refer or relate to money removed from any Winner accounts, including copies of any cancelled cheques (both sides), wire transfers, and any other documents that reflect, refer or relate to money going out of the account(s) for the time period from January 1, 2005 to the present;

9.   The minimum number of documents that indicate the ISP for any users who logged on to or had electronic access to any Winner account for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

10.  The minimum number of documents that indicate the ISP for any users who downloaded the software known as "ETPro Client" (the "Software") and who used the Software to access and/or control any Winner accounts for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

11.  Any and all documents that in any way reflect, refer or relate to access or control of any Winner accounts by telephone, including, without limiting the generality of the foregoing, recordings of telephone calls relating to any Winner accounts and/or transcripts thereof, for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

**EXHIBIT "B"**

7

- 2 -

12.   If a credit card(s) was issued to Winner, all credit card statements, together with any other information that would indicate the date, location, amount and other information regarding any and all charges on said credit card(s);

13.   If cheques were made available to Winner, copies of both sides of all cancelled cheques in excess of $10,000 for the time period from January 1, 2005 to the present; and

14.   Copies of any and all correspondence, e-mails or other communication that refer to or mention any Winner account, Winner, Mei Huang and/or Jay Chiang for the time period from January 1, 2005 to the present.

8

**EXHIBIT "2" to ORDER**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In re Application of )
MENDLOWITZ & ASSOCIATES INC., and )
KOREA DATA SYSTEMS (USA), INC. )
         v. )    Civil Action No.
 )
                          )    (If the action is pending in another district, state where:
 )                         )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: E*Trade Clearing LLC - 2730 Gateway Oaks Drive., Suite 100
     Sacramento, California 95833

   ☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHED EXHIBIT "A"

| Place: | Date and Time: |
|---|---|
| | |

     The deposition will be recorded by this method: __Certified Court Reporter/Video Tape and Video Conference__

   ☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
SEE ATTACHED EXHIBIT "B"

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

          *CLERK OF COURT*

                              OR

              *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Mendlowitz & Assoc., Inc. and Korea Data Systems (USA), Inc._____ , who issues or requests this subpoena, are:
D. Steve Cameron, Esq.
9430 W. Olympic Blvd., Suite 400 Beverly Hills, CA 90212
Email: scameron@ldslaw.com; Phone: (310) 551-1987

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

11

A representative most knowledgeable of (i) the identity of the documents produced, the method of preparation of the documents produced, that the documents were made in the usual and ordinary course of business at or within a reasonable time after the time of the act, transaction, occurrence or event referenced therein and that the method and time or preparation indicates the trustworthiness of the documents, (ii) the electronic or other records of online access to Winner's accounts, including how those records are maintained and prepared, and (iii) the issues in this proceeding (collectively the "E*Trade representative(s)")

**EXHIBIT "A"**

12

The following documents and things that mention or are related to Winner International Group Limited ("Winner"):

1.  All account applications for the time period from January 1, 2003 to the present;

2.  All account statements for the time period from January 1, 2005 to the present;

3.  All account agreements, signature cards, authority to act, and any other documents that in any way reflect, refer, relate to or control any accounts held by Winner for the time period January 1, 2003 to the present;

4.  Any and all documents not produced in response to category (3) above that in any way relate to authority to control any Winner accounts by making trades, requesting withdrawals, or performing any other transaction on the accounts;

5.  Any and all documents not produced in response to category (3) above that in any way relates to authority to access and control any Winner accounts, including authority to change any and all passwords required to access and control any Winner accounts;

6.  Any and all documents that reflect, refer or relate to the source of money, if any, deposited into any Winner accounts;

7.  To the extent not produced in response to category (6) above, a copy of all wire transfer instructions received by ETrade for any Winner account;

8.  Any and all documents that reflect, refer or relate to money removed from any Winner accounts, including copies of any cancelled cheques (both sides), wire transfers, and any other documents that reflect, refer or relate to money going out of the account(s) for the time period from January 1, 2005 to the present;

9.  The minimum number of documents that indicate the ISP for any users who logged on to or had electronic access to any Winner account for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

10. The minimum number of documents that indicate the ISP for any users who downloaded the software known as "ETPro Client" (the "Software") and who used the Software to access and/or control any Winner accounts for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

11. Any and all documents that in any way reflect, refer or relate to access or control of any Winner accounts by telephone, including, without limiting the generality of the foregoing, recordings of telephone calls relating to any Winner accounts and/or transcripts thereof, for the time period from January 1, 2007 to the present, or for such shorter time as ETrade may maintain those records;

**EXHIBIT "B"**

13

- 2 -

12.  If a credit card(s) was issued to Winner, all credit card statements, together with any other information that would indicate the date, location, amount and other information regarding any and all charges on said credit card(s);

13.  If cheques were made available to Winner, copies of both sides of all cancelled cheques in excess of $10,000 for the time period from January 1, 2005 to the present; and

14.  Copies of any and all correspondence, e-mails or other communication that refer to or mention any Winner account, Winner, Mei Huang and/or Jay Chiang for the time period from January 1, 2005 to the present.